UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-840-GW(Ex) | Date | July 23, 2015 |
| Title | Gary S. Layton v. Ocwen Loan Servicing, LLC | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Kathryn Dunaway Bryant Jaquez

PROCEEDINGS: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [13]

The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendant's Motion is GRANTED WITH LEAVE TO AMEND. Plaintiff will have until August 10, 2015 to file a First Amended Complaint.

: 04

Initials of Preparer JG

<u>*Layton v. Ocwen Loan Servicing, LLC, et al.*</u>, Case No. EDCV 15-840-GW (Ex)
Tentative Ruling on Motion to Dismiss

## I. Background

Gary S. Layton ("Plaintiff") filed the Complaint in this action on March 13, 2015, asserting five causes of action against Ocwen Loan Servicing, LLC ("Ocwen") and First American Title Insurance Company ("First American") (collectively, "Defendants"): (1) declaratory relief; (2) breach of contract; (3) quiet title; (4) slander of title; and (5) "temporary restraining order, preliminary and permanent injunctions and damages." *See generally* Compl., Docket No. 1-1; *see also* Proof of Service of Summons and Compl., Docket No. 18 (naming First American as a Doe Defendant). In short, Plaintiff seeks to challenge a Deed of Trust recorded on September 28, 2005 that secured a loan taken out by his now deceased brother, Brian Curtis Layton ("Brian Layton"). *See* Compl. ¶ 17. The 2005 Deed of Trust encumbers 4380 Milan Court, Riverside, California 92505 (the "Property"). *Id.* Now pending before the Court is Ocwen's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* Mot. to Dismiss ("MTD"), Docket No. 13.

Eva Lea Layton ("Eva Layton"), mother of Plaintiff and Brian Layton, originally acquired title to the Property by a Grant Deed recorded in September 1974. *See* Ocwen's Request for Judicial Notice ("RJN") Ex. A, Docket No. 14-1 (Grant Deed).[1] Eva Layton obtained a $40,000.00 loan from Union Bank, which was secured by the Property pursuant to a Deed of Trust recorded on April 6, 1994. *See id.* Ex. B, Docket No. 14-2 (1994 Deed of Trust). Eva Layton then transferred title to the Property to "Eva Lea Layton as Trustee of the Trust of Eva Lea Layton" by a Quitclaim Deed recorded on April 24, 1998. *See id.* Ex. C, Docket No. 14-3 (1998 Quitclaim Deed). Eva Layton died in August 2001. *See id.* Ex. E, Docket No. 14-5 (Affidavit – Death of Trustee). Plaintiff, as successor Trustee to Eva Layton, transferred title to

---

[1] In connection with its Motion to Dismiss, Ocwen submitted a Request for Judicial Notice, asking the Court to take judicial notice with respect to nine documents recorded in the Official Records for the County of Riverside, three of which Plaintiff attached as Exhibits 1, 2, and 7 to his Complaint. *See generally* Ocwen's RJN, Docket No. 14. The Court grants Ocwen's Request for Judicial Notice as to all nine documents. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record.") (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *Velazquez v. GMAC Mortg. Corp.*, 605 F.Supp.2d 1049, 1057-58 (C.D. Cal. 2008) (taking judicial notice of documents recorded by the Los Angeles County Recorder's Office, including deeds of trust and a full reconveyance).

1

the Property to Plaintiff and Brian Layton as joint tenants by a Quitclaim Deed recorded on January 11, 2002. *See* Compl. Ex. 1 (2002 Quitclaim Deed).

Brian Layton purported to convey Plaintiff's interest in the Property from Plaintiff to Brian Layton by a Grant Deed recorded on September 28, 2005. *See* Ocwen's RJN Ex. F, Docket No. 14-6 (2005 Grant Deed). The 2005 Grant Deed was not signed by Plaintiff. *Id.*; *see also* Compl. ¶ 7. Brian Layton then obtained a $120,000.00 loan from Homecomings Financial Network, Inc., which was secured by the Property pursuant to a Deed of Trust recorded on September 28, 2005. *See* Compl. ¶ 6, Ex. 2 (2005 Deed of Trust).

Brian Layton died on September 15, 2011. *See* Compl. ¶ 8. Plaintiff recorded an Affidavit – Death of Joint Tenant for Brian Layton on January 20, 2012. *See id.* Ex. 7 (Affidavit – Death of Joint Tenant). Plaintiff alleges that the Property remained with Plaintiff and Brian Layton as joint tenants until Brian Layton's death, at which time Plaintiff became the sole owner of the Property. *See* Compl. ¶ 7. Since Brian Layton's death, Plaintiff alleges that he "has timely made all monthly mortgage payments, timely paid the real property taxes, and [has] maintained homeowner's insurance" for the Property, and has otherwise "performed all conditions, covenants and promises required by his brother on his brother's part to be performed in accordance with the terms and conditions of the Note and [2005] Deed of Trust." *See id.* ¶¶ 8, 19. The interest in the 2005 Deed of Trust was assigned to Ocwen pursuant to an Assignment of Deed of Trust recorded in October 2014. *See* Ocwen's RJN Ex. J, Docket No. 14-10 (Assignment of Deed of Trust).

Plaintiff received two letters from Ocwen stating that his monthly loan payments were delinquent – one dated August 25, 2014 and another dated October 22, 2014. *See id.* ¶ 10, Exs. 3-4. Ocwen notified Plaintiff that the reason Plaintiff's payments were delinquent was because Ocwen had ordered a "Lender Placed Insurance" policy on the Property because it had not received proof of insurance. *See id.* ¶ 11, Ex. 5. Plaintiff alleges that he has always carried homeowner's insurance on the Property and that Plaintiff's attorney supplied Ocwen with a copy of the insurance coverage. *See id.* ¶ 11, Ex. 6.

Plaintiff alleges that the 2005 Deed of Trust is "invalid and void" because Ocwen and/or its predecessors in interest did not obtain Plaintiff's signature on the 2005 Deed of Trust at the time it was recorded against the Property. *See id.* ¶ 36.

Plaintiff requests that the Court: (1) determine the rights and duties of the parties in

2

accordance with Plaintiff's contentions; (2) find that Plaintiff is the owner in fee simple of the Property and that Defendants have no interest in the property adverse to Plaintiff; (3) deliver the 2005 Deed of Trust to the clerk of the court for reconveyance and declare the 2005 Deed of Trust to be void; (4) order Defendant to show cause why it should not be enjoined during the pendency of this action; (5) issue a temporary restraining order, a preliminary injunction, and a permanent injunction, enjoining Defendants from enforcing the terms of the Note secured by the 2005 Deed of Trust and from commencing a judicial or non-judicial foreclosure action against Plaintiff until the action has been decided. *See id.* at 15:13-16:25. Plaintiff also requests general and special damages, pre-judgment interest, costs, attorney's fees, and such other relief that the Court deems just and proper. *See id.* at 17:1-8.

## II. Legal Standard

Under Rule 12(b)(6), a party may seek dismissal of a claim for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the pleading party fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When considering a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (alterations and citation omitted).

Generally, a court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). There are two exceptions: (1) when material is attached to the

complaint or necessarily relied on by the complaint, and (2) when the court takes judicial notice of matters of public record, provided the facts are not subject to reasonable dispute. *Id.* at 688-89 (further indicating that on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and that doing so does not convert a Rule 12(b)(6) motion to one for summary judgment).

### III. Analysis

#### A. Breach of Contract

Plaintiff alleges that Ocwen's predecessor in interest breached the written contract it entered into with Brian Layton in 2005, consisting of the Note and Deed of Trust, "by failing to assure itself [that Brian Layton] owned the [P]roperty in his own name." *See* Compl. ¶¶ 17-18. Plaintiff also alleges that Ocwen breached the same contract by "failing to notify Plaintiff, in writing, of the existence of the [2005] Note and Deed of Trust, that it is the current servicer of the Note[,] and that [it] had no record of a homeowner's insurance policy protecting the [P]roperty." *See id.* ¶ 21. Plaintiff alleges that, as a result of the breaches, "Plaintiff has had its real property diminished in value, [and] has suffered slander of title to his property and other damages unknown to him at this time." *See id.* ¶ 22.

##### 1. Standing

"[T]he general rule among federal courts applying California law is that one who is not a party to a contract does not have standing to sue for breach of that contract." *NovelPoster v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO, 2014 U.S. Dist. LEXIS 156268, at *18-20, 2014 WL 5687344 (N.D. Cal. Nov. 4, 2014) (collecting cases). Accordingly, Ocwen contends that "Plaintiff cannot maintain a cause of action for a breach of a contract [to which] Plaintiff was not a party." *See* MTD at 7:20-26. Plaintiff states in its Opposition that although Plaintiff was not a party to the 2005 Note and Deed of Trust, he has standing to bring a claim for breach of contract because Plaintiff is the owner of the Property and Ocwen has accepted monthly mortgage payments from Plaintiff since Brian Layton's passing in 2011. *See* Opp'n to MTD ("Opp'n") at 2:16-22, Docket No. 16.[2] On Reply, Ocwen points to paragraph 13 of the 2005 Deed of Trust, which provides that only a successor in interest to Brian Layton, who assumes his

---

[2] In connection with his Opposition, Plaintiff submitted a Request for Judicial Notice, asking the Court to take judicial notice of 12 U.S.C. § 2605. *See generally* Pl.'s RJN, Docket No. 16-1. The Court denies Plaintiff's Request for Judicial Notice because it need not take judicial notice of sections of the U.S. Code to consider them.

4

obligations under the Deed of Trust in writing and is approved by Ocwen, obtains his rights and benefits under the Deed of Trust. *See* Reply in Supp. of MTD ("Reply") at 3:4-11, Docket No. 21. Based on the allegations set forth in the Complaint, Plaintiff does not have standing to bring its claim for breach of contract and the Court should thus dismiss it.

### 2. Statute of Limitations

A statute of limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citations omitted). Ocwen contends that all of Plaintiff's causes of action are time barred because Plaintiff seeks to challenge a loan that originated in September 2005 and of which Plaintiff had actual knowledge as of September 2011. *See* MTD at 4:16-18.

California Code of Civil Procedure § 337 sets forth a four-year limitations period for actions based upon the breach of a written contract. Cal. Code Civ. P. § 337. In California, actions for breach of contract generally accrue – and the limitations period begins to run – at the time of breach. *See Buschman v. Anesthesia Bus. Consultants LLC*, 42 F.Supp.3d 1244, 1250 (N.D. Cal. 2014) (citations omitted). As such, Ocwen contends that Plaintiff's breach of contract claim is time-barred because the alleged breach occurred at the time of the origination of the loan in September 2005. *See* MTD at 4:24-5:5. Plaintiff counters the limitations period did not start to run until Brian Layton's death on September 15, 2011, but fails to provide any explanation as to how the death of a joint tenant might toll the limitations period. *See* Opp'n at 2:5-3:10.

Neither party addresses the fact the Plaintiff appears to allege two distinct breaches of contract: (1) the alleged breach by Ocwen's predecessor in interest for its failure to confirm that Brian Layton was the sole owner of the Property before executing the 2005 Note and Deed of Trust, *see* Compl. ¶¶ 17-18, and (2) the alleged breach by Ocwen for its failure to provide certain notices to Plaintiff, presumably in or around August 2014, *see id.* ¶ 21. Even assuming that Plaintiff has standing to bring these claims, it appears that the 2014 breach would not be time-barred, but the 2005 breach would be time-barred unless Plaintiff can adequately demonstrate delayed discovery. *See Perez–Encinas v. Amerus Life Ins. Co.*, 468 F.Supp.2d 1127, 1134 (N.D.Cal. July 26, 2006) (recognizing the availability of the delayed discovery doctrine for breach of contract actions under California law). As such, should Plaintiff attempt to reallege the 2005 breach in an amended pleading, he must demonstrate why a claim based on that breach is not time-barred.

3. Pleading

To state a claim for breach of contract under California law, a plaintiff must plead "the contract, plaintiff['s] performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff therefrom." *Gautier v. Gen. Tel. Co.*, 234 Cal.App.2d 302, 305 (1965). Ocwen contends that Plaintiff fails to allege that Ocwen and/or its predecessor interest was contractually obligated to Plaintiff (or Brian Layton) to confirm that Brian Layton was the sole owner of the Property. *See* MTD at 7:27-8:4. The Court would agree that the Complaint does not adequately allege the contractual obligations and the breach of those obligations (as to both the 2005 and 2014 breaches), and would dismiss Plaintiff's breach of contract claim on this basis as well as those discussed *supra*.

**B. Quiet Title**

Plaintiff alleges that it is the sole owner of the Property on the basis of the 2002 Quitclaim Deed, which transferred title to the Property to Plaintiff and Brian Layton as joint tenants, and Brian Layton's subsequent death. *See* Compl. ¶¶ 25, 28. Plaintiff alleges that Ocwen claims an interest adverse to Plaintiff in the Property because "Ocwen claims to be the servicer of the loan which is purportedly secured by [the 2005] Deed of Trust." *See id.* ¶ 26. In addition, the interest in the 2005 Deed of Trust apparently was assigned to Ocwen pursuant to an Assignment of Deed of Trust recorded in October 2014. *See* Ocwen's RJN Ex. J, Docket No. 14-10 (Assignment of Deed of Trust). Plaintiff seeks to quiet title as of January 20, 2012, when Plaintiff allegedly became the sole owner of the Property by recording an Affidavit – Death of Joint Tenant for Brian Layton. *See id.* ¶¶ 7, 28.

1. Statute of Limitations

Courts refer to the theory of relief underlying a quiet title action to determine the applicable period of limitations. *See Salazar v. Thomas*, 236 Cal.App.4th 467, 476 (2015), *as modified on denial of reh'g* (May 28, 2015). Where the claim is based on fraud or mistake, as it is here, there is a three-year limitations period. *See id.* at 476-77; *see also* Cal. Code Civ. P. § 338(d) (indicating that there is a three-year limitations period for actions based on fraud or mistake, but that the claim "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake"). In addition, "'as a general rule, the statute of limitations [for a quiet title action] does not run against one in possession of land.'" *See id.* at 477 (alteration in original) (quoting *Tannhauser v. Adams*, 31 Cal.2d 169, 175 (1947)) ("[M]ere

6

notice of an adverse claim is not enough to commence the owner's statute of limitations.").

Ocwen contends that the limitations period has expired because Plaintiff had constructive knowledge of the 2005 Deed of Trust as of September 2005, and actual knowledge as of September 2011, when Plaintiff began making payments on the loan. *See* MTD at 5:27-6:10. However, as Plaintiff notes, the limitations period has not yet started to run because Plaintiff is in undisturbed possession of the Property. *See* Opp'n at 4:9-5:16. As such, the Court would find that Plaintiff's cause of action for quiet title is not time-barred.

    2. Pleading

An action to quiet title is a claim brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Code Civ. Proc. § 760.020. To state a claim for quiet title, a plaintiff "must, in a verified Complaint, allege five elements: (1) a legal description and street address or common designation of the property; (2) the plaintiff's title to which determination is sought and the basis of that title; (3) the adverse claims to the title against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of plaintiff against the adverse claims." *Ruiz v. Wells Fargo Bank, N.A.*, No. CV 13-1114 PA JCX, 2013 U.S. Dist. LEXIS 47389, at *5-6, 2013 WL 1235841 (C.D. Cal. Mar. 27, 2013) (citing Cal. Code Civ. P. § 761.020). Ocwen does not contend that Plaintiff has failed to adequately allege any of these elements. Rather, Ocwen argues that Plaintiff fails to state a valid cause of action for quiet title because Ocwen and its predecessor in interest are "good faith emcumbrancers." *See* MTD at 8:17-9:9. While that may be the case, it does not provide a basis for dismissing Plaintiff's claim as inadequate at the pleading stage. Thus, the Court would deny Ocwen's Motion to Dismiss Plaintiff's quiet title claim.

### C. Slander of Title

Plaintiff alleges that on September 28, 2005, Ocwen and/or its predecessors in interest "willfully, wrongfully, without justification, and without privilege" recorded the 2005 Deed of Trust, which "was false in that it was not signed by Plaintiff and caused doubt to be cast on Plaintiff's title to [the Property]." *See* Compl. ¶¶ 31-32. Plaintiff alleges that the recording of the 2005 Deed of Trust "directly impaired the vendibility of the [Property] on the open market in the sum of at least $240,000.00" and further caused Plaintiff damages in the amount of the attorney's fees and costs incurred in bringing this action. *See id.* ¶¶ 33-34.

7

1. Statute of Limitations

An action for slander of title to real property also has a three-year limitations period. *See* Cal. Code Civ. P. § 338(g). Ocwen argues that Plaintiff's claim for slander of title is time-barred because the limitations period began to run, at the latest, in September of 2011 when Plaintiff began making payments on the 2005 loan. *See* MTD at 5:21-6:10 (citing *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1114 (1988) ("[T]he limitations period begins when the plaintiff suspects, or should suspect, that she has been wronged.")). Plaintiff attempts to argue that this claim is timely because Plaintiff was allegedly unaware that Ocwen was the loan servicer until late August 2014. *See* Opp'n at 6:6-17. This allegation, however, is unrelated to Plaintiff's claim for slander of title, which rests on the recording of the 2005 Deed of Trust. At the latest, Plaintiff should have suspected the existence of a slander of title claim in September 2011. Thus, the Court would find that Plaintiff's slander of title claim is time-barred and would dismiss it with prejudice.

2. Pleading

The elements of a cause of action for slander of title are: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss. *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal.App.4th 656, 664 (2011). Malice, either express or implied from the absence of privilege or justification, is also an essential element in slander of title. *See Gudger v. Manton*, 21 Cal.2d 537, 544 (1943). "What makes conduct actionable is not whether a defendant succeeds in casting a legal cloud on plaintiff's title, but whether the defendant could reasonably foresee that the false publication might determine the conduct of a third person buyer or lessee." *Truck Ins. Exch. v. Bennett*, 53 Cal.App.4th 75, 84 (1997).

Ocwen argues that Plaintiff's claim for slander of title is inadequately pled because the 2005 Deed of Trust was not false and because Plaintiff failed not allege that Ocwen acted with malice. *See* MTD at 9:19-10:6. Plaintiff fails to respond to these arguments in his Opposition. The Court would thus dismiss Plaintiff's slander of title claim as both time-barred and inadequately pled.

**D. Declaratory Relief**

"Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008). An action for declaratory relief prevents

8

avoidable damages from being incurred by a person who is not certain of his or her obligations, and promotes judicial efficiency by avoiding multiplicity of actions between the parties. Schwarzer, Tashima, *et al.*, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (2011) ("Schwarzer & Tashima"), §§ 10:5.1-3, at 10-2 (citations omitted). In determining whether declaratory relief is appropriate, "[b]asically, the question is whether there is a 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* § 10:24, at 10-11 (quoting *Md. Ca. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). A claim for declaratory relief that seeks to redress past wrongs is therefore incognizable. *See id.* When claims for declaratory relief are duplicative of other claims, then declaratory relief is therefore unnecessary and redundant. *See Concorde Equity II, LLC v. Miller*, 732 F.Supp.2d 990, 1003 (N.D. Cal. 2010). Additionally, as claims for declaratory relief are not independent causes of action, a plaintiff generally is not entitled to declaratory relief absent a valid underlying claim. *See Shaterian v. Wells Fargo Bank, N.A.*, 829 F.Supp.2d 873, 888 (N.D. Cal. 2011) ("This claim is ultimately a request for relief, and [the plaintiff] is not entitled to such relief absent a viable underlying claim.").

Plaintiff requests "a judicial determination of his rights and duties" on the basis that "[a]n actual controversy has arisen and now exists between Plaintiff and Ocwen concerning their respective rights and duties relating to the transactions described" in the Complaint. *See* Compl. ¶¶ 12, 14. Ocwen argues that Plaintiff's request for declaratory relief must be dismissed because "Plaintiff has failed to state a substantive basis for liability, and this cause of action seeks to redress a past alleged wrong." *See* MTD at 7:6-11. Plaintiff's request for declaratory relief is duplicative of his claim for quiet title and fails to present a substantial controversy of sufficient immediacy to warrant declaratory relief. As such, the Court would dismiss Plaintiff's claim for declaratory relief with prejudice.

### E. *"Temporary Restraining Order, Preliminary and Permanent Injunctions and Damages"*

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F.Supp. 978, 980 (D.D.C. 1952). "The standard for granting a temporary restraining order 'is identical to the standard for issuing a preliminary injunction.'" *Meggitt (San Juan Capistrano),*

9

*Inc. v. Nie Yongzhong*, No. CV-13-0239-DOC, 2013 U.S. Dist. LEXIS 19503, at *3 (C.D. Cal. Feb. 13, 2013) (citing *Brown Jordan Intern. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Haw. 2002)).

    Under Rule 65, courts may grant a preliminary injunction in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). The party seeking such relief must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities in its favor; and (4) the injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, if the plaintiff "shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," it may demonstrate its right to a preliminary injunction by establishing "serious questions going to the merits and a balance of hardships that tips sharply [in his favor]." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Because a "preliminary injunction is an extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 676 (2008) (quotations omitted), the party seeking the injunction must present evidence sufficient to clearly carry his burden of persuasion on each requirement. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (citations omitted); *Winter*, 555 U.S. at 22 (explaining that an preliminary injunction can issue only on "a clear showing that the plaintiff is entitled to such relief").

    Plaintiff contends that injunctive relief is warranted because Plaintiff has no adequate remedy at law and because Plaintiff will suffer irreparable injury unless Ocwen's conduct is restrained and Defendants are enjoined from seeking payment from Plaintiff. *See* Compl. ¶¶ 38-42. Plaintiff has failed to satisfy its heavy burden, as set forth *supra*, in demonstrating that a temporary restraining order or injunctive relief is warranted. Thus, the Court would dismiss this claim.

## IV. <u>Conclusion</u>

    The Court would GRANT Ocwen's Motion to Dismiss with prejudice as to Plaintiff's claims for declaratory relief and slander of title; GRANT Ocwen's Motion to Dismiss with leave to amend as to Plaintiff's claims for breach of contract and for "temporary restraining order, preliminary and permanent injunctions and damages"; and DENY Ocwen's Motion to Dismiss as to Plaintiff's claim for quiet title.