1  KATHRYN DUNAWAY
   Attorney at Law
2  P.O. Box 207
   Three Rivers, Ca. 93271
3  State Bar No. 96909
   (559) 561-3474
4  kathryndunaway@gmail.com

5

6  Attorney for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 GARY S. LAYTON,                    )
                                      )
12                                    )
                                      )
13              Plaintiff,            )    Case No. 15-cv-00840-GW(Ex)
                                      )
14    vs.                             )    FIRST AMENDED COMPLAINT
                                      )    FOR:
15                                    )
                                      )
16 OCWEN LOAN SERVICING, LLC,         )
   A Delaware limited                 )    1.  Breach of Written
17 liability company,                 )        Contract
   FIRST AMERICAN TITLE               )    2.  Quiet Title
18 INSURANCE COMPANY, a               )    3.  Temporary Restraining
19 Nebraska corporation and           )        Order, Preliminary
   DOES 3 through 100,                )        and Permanent
20 inclusive,                         )        Injunctions and Damages
                                      )
21                                    )
                                      )
22              Defendants,           )
                                      )
23                                    )
                                      )
24 _____   )

25 / / / /

26 / / / /

27 _____
          FIRST AMENDED COMPLAINT FOR BREACH OF WRITTEN CONTRACT, ETC.
28                            -1-

1    FIRST CAUSE OF ACTION BY PLAINTIFF, GARY S. LAYTON

2  (hereinafter referred to as "LAYTON") AGAINST DEFENDANT OCWEN

3  LOAN SERVICING, LLC, a Delaware limited liability company

4  (hereinafter referred to as "OCWEN"), FOR BREACH OF WRITTEN

5  CONTRACT:

6

7     1.   Plaintiff is ignorant of the true names and

8  capacities, whether corporate, individual, partnership,

9  associate or otherwise, of Defendants sued herein as Does 3

10 through 100, inclusive, and therefore sues these Defendants by

11 such fictitious names.  Plaintiff will amend this Complaint to

12 allege their true names and capacities when the same have been

13 ascertained.  Plaintiff is informed and believes, and thereon

14 alleges, that each of the fictitiously named Defendants is

15 responsible in some manner for the events alleged herein.

16

17    2.   At all times herein mentioned Plaintiff LAYTON

18 maintained his principal residence in Riverside, Riverside

19 County, California.

20    3.   Plaintiff is informed and believes and on such

21 information and belief alleges that at all times herein

22 mentioned, Defendant OCWEN was and is a limited liability

23 company duly organized and existing under the laws of the

24 State of Delaware, and is authorized to and doing business in

25 the State of California.

26

27

28

FIRST AMENDED COMPLAINT FOR BREACH OF WRITTEN CONTRACT, ETC.
-2-

4.   Plaintiff is informed and believes and on such information and belief alleges that at all times herein mentioned, each of the Defendants was the agent and employee of each of the other Co-Defendants and, in doing the things herein mentioned, was acting within the scope of their authority as such agents and employees and with the permission and consent of their Co-Defendants.  Each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts.  Each Defendant intended to and did encourage, facilitate or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

5.   In October, 2001, Plaintiff LAYTON and his brother, Brian Curtis Layton, who is now deceased, acquired title, as joint tenants, to the real property located at 4380 Milan Court, Riverside, Riverside County, California.  This property was the family home and Plaintiff and his brother acquired title through their mother's living trust.  A copy of the Quitclaim Deed is attached hereto, marked Exhibit "1".

6.   On or about September 16, 2005, Plaintiff's brother, Brian Curtis Layton, entered into a written contract with Homecomings Financial Network, Inc. consisting of a Note secured by a Deed of Trust which was recorded against the real property owned by Plaintiff and his brother as joint tenants, located at 4380 Milan Court, Riverside, Riverside County, California 92505 ("the property").  The loan did fund and escrow closed on or about September 28, 2005.  Plaintiff LAYTON never applied for the loan, nor did he sign the Deed of Trust.  A copy of the deed of trust is attached hereto, marked Exhibit "2".

7.   Plaintiff has never signed a Grant Deed conveying his interest in the property to his brother and the property remained with Plaintiff and his brother as joint tenants until Plaintiff's brother's death, at which time Plaintiff became the sole owner.

8.   Since Plaintiff's brother's death on September 15, 2011, Plaintiff has timely made all the monthly mortgage payments, timely paid the real property taxes and maintained homeowner's insurance.

9.   The loan was originally serviced by GMAC.  In or about April or May, 2014, the servicing of the loan was transferred from GMAC to Defendant OCWEN.  Plaintiff never

1  received written notice from either GMAC or Defendant OCWEN

2  the servicing of the loan had been transferred and continued

3  making the monthly payments to GMAC.  Unbeknownst to

4  Plaintiff, GMAC was forwarding the payments to Defendant

5  OCWEN.

6      10.  In August, 2014, Plaintiff LAYTON received a

7  telephone call from a representative of OCWEN who inquired

8  about the owner of the property.  Plaintiff stated he was the

9  owner of the property.  The first correspondence Plaintiff

10 received from OCWEN was dated August 25, 2014, and received

11 shortly after the telephone call.  That letter and all

12 subsequent letters have been addressed to Estate of Brian C.

13 Layton and mailed to the address of the property where

14 Plaintiff resides.  The letter stated the August 1, 2014,

15 payment was delinquent although Defendant OCWEN had cashed the

16 check Plaintiff had sent for the August, 2014, payment.  A

17 copy of the letter is attached hereto marked Exhibit "3".

18 Plaintiff received another letter from Defendant OCWEN dated

19 October 22, 2014, stating the October 1, 2014, monthly payment

20 was past due.  A copy of that letter is attached hereto,

21 marked Exhibit "4".  Again, Plaintiff's check had been cashed

22 by Defendant OCWEN.

23 / / / /

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR BREACH OF WRITTEN CONTRACT, ETC.

-5-

11.   Plaintiff has performed all conditions, covenants and promises required to be performed in accordance with the terms and conditions of the Note and Deed of Trust since his brother's death on September 15, 2011, and Ocwen, and its predecessors in interest, accepted payments from Plaintiff until March, 2015, at which time Ocwen returned Plaintiff's payment stating it was unable to accept the payment.  A copy of that letter is attached hereto, marked Exhibit "5".  Since that time, Plaintiff has continued to timely make the monthly mortgage payments to his attorney's trust account.

12.   Defendant OCWEN, as the purported servicer on behalf of the Noteholder of the Note secured by a Deed of Trust which is recorded against Plaintiff's real property, breached the written contract by failing to notify Plaintiff, in writing, that the servicing of the Note had been transferred to it, that they had no record of a homeowner's insurance policy protecting the property and therefore had placed a "Lender Placed" hazard insurance policy on the property for which it was charging Plaintiff and by failing to accept Plaintiff's timely payments since February, 2015, while accepting all his payments prior to that time.

13.   Pursuant to the terms of the Note and Deed of Trust the Lender has the right to be paid back for its reasonable

1  costs and attorney's fees to enforce the Note.  Therefore,

2  Plaintiff is entitled to  be reimbursed for reasonable costs

3  and attorney's fees for this action, due to Defendant's

4  wrongful acts.

5      14.  As a result of Defendant's breach of the contract,

6  Plaintiff has had his real property diminished in value, has

7  suffered slander of title to his property, has been placed in

8  default of payment by the refusal of Defendant OCWEN to accept

9

10 his payments and other damages unknown to him at this time,

11 all to his total damage in an amount unknown to him at this

12 time.  Plaintiff will amend this complaint to set forth the

13 true amount of damages, according to proof at trial.

14     SECOND CAUSE OF ACTION BY PLAINTIFF LAYTON AGAINST

15 DEFENDANTS OCWEN AND FIRST AMERICAN TITLE INSURANCE COMPANY

16 ("First American") FOR QUIET TITLE:

17

18     15.  Plaintiff hereby incorporates Paragraphs 1 through

19 13 of the First Cause of Action as though fully set forth at

20 this time.

21     16.  Plaintiff is informed and believes and thereon

22 alleges that Defendant First American is, and at all times

23 herein mentioned was, a corporation duly organized and

24 existing under the laws of the State of Nebraska and is

25 authorized and doing business in the State of California.

26

27

28

17.   At all times herein mentioned, Plaintiff was and is the owner and in possession of the property commonly known as 4380 Milan Court, Riverside, Riverside County, California 92505.

18.   The basis of Plaintiff's title is a Quitclaim Deed recorded in Official Records of the County of Riverside to Plaintiff and his brother Brian Curtis Layton, as Joint Tenants, when the property was transferred from their mother's living trust to them.   Thereafter, upon the death of Plaintiff's brother, Plaintiff recorded a Affidavit - Death of Joint Tenant on January 20, 2012.   A copy is attached hereto, marked Exhibit "6".

19.   Plaintiff is informed and believes and on such information and belief alleges Defendant OCWEN claims an interest adverse to Plaintiff in the above-described real property as Defendant OCWEN claims to be the servicer of the loan which is purportedly secured by a Deed of Trust recorded against the real property on which Defendant First American issued a policy of title insurance insuring title to be in the sole name of Plaintiff's brother.

20.   Plaintiff is seeking to quiet title against the claims of Defendants OCWEN and First American as follows: That the Deed of Trust used as security for the Note should be

reconveyed as neither the Deed of Trust or the note for which
it is security, are signed by Plaintiff.  The claim of
Defendants are without any right whatever and Defendants OCWEN
and First American and the Noteholder have no right, title,
estate, lien or interest whatever in the above-described real
property or any part thereof.

21. Plaintiff seeks to quiet title as of January 20,
2012, as that was the date Plaintiff became the sole owner of
the real property.

THIRD CAUSE OF ACTION BY PLAINTIFF LAYTON AGAINST
DEFENDANTS OCWEN AND FIRST AMERICAN FOR TEMPORARY RESTRAINING
ORDER, PRELIMINARY AND PERMANENT INJUNCTIONS AND DAMAGES:

22.  Plaintiff hereby incorporates Paragraphs 1 through
13 of the First Cause of Action and Paragraphs 16 through 21
of the Second Cause of Action as though fully set forth at
length at this time.

23.  On September 28, 2005, Defendant OCWEN's
predecessors in interest and the holder of the Note caused a
Deed of Trust to be recorded against Plaintiff's real
property.  Defendant First American issued a title policy
insuring that Plaintiff's brother was the sole owner of the
property, although Plaintiff had never executed a Grant Deed
transferring his interest to his brother.  Defendant OCWEN has

failed to acknowledge Plaintiff's written requests to remove the Deed of Trust from the real property and since February, 2015, has failed to accept monthly mortgage payments from Plaintiff, although OCWEN, and its predecessors in interest, had previously accepted all payments from Plaintiff. Defendant OCWEN's refusal to accept Plaintiff's payments since February, 2015, has placed Plaintiff in the position of being in default and at any time Defendant OCWEN can initiate a judicial or non-judicial foreclosure under the terms of the Deed of Trust recorded against the property owned by Plaintiff.

24.   Defendant OCWEN's, and/or its predecessors and/or successors in interest, conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiff in that Defendant OCWEN and the Noteholder continue to claim an interest in Plaintiff's real property through the Note secured by a Deed of Trust, and by refusing to accept his monthly payments, placing the Note in default.  Since March, 2015, Plaintiff has continued to timely make the monthly mortgage payments to his attorney's trust account.

25.   If Defendant OCWEN initiates a judicial or non-judicial foreclosure action because of its refusal to accept

Plaintiff's payments, Plaintiff will have no adequate remedy at law for the injuries being suffered and that are being threatened in that it will be impossible for Plaintiff to sell or refinance the property without the removal of the existing Deed of Trust and since Defendant OCWEN refuses to accept payments from Plaintiff it will be impossible for him to reinstate the Note by bringing the payments current in the event Defendant OCWEN initiates a foreclosure action.  Unless Defendant OCWEN's conduct is restrained, until such time as this matter is decided, and Defendants are enjoined from seeking payment in full from Plaintiff or initiating and/or continuing a judicial or non-judicial foreclosure action, Plaintiff will suffer irreparable injury.

26.   Plaintiff will be damaged so long as Defendant OCWEN's wrongful conduct continues should it commence a judicial or non-judicial foreclosure action.  The full amount of such damage is not now known to Plaintiff and Plaintiff will amend this complaint to state such amount when the same becomes known to him on proof thereof.

27.   Plaintiff is informed and believes and thereon alleges in the event Defendant OCWEN does initiate a judicial or non-judicial foreclosure action, Defendant First American will issue a Trustee's Sale Guarantee Policy and act as the

1  foreclosure Trustee under the Deed of Trust.  In that event,

2  Defendant First American should also be enjoined and

3  restrained from continuing with any foreclosure action.

4      WHEREFORE, Plaintiff prays for judgment against

5  Defendants, and each of them, as follows:

6  FIRST CAUSE OF ACTION:

7      1.  For general damages, according to proof at trial;

8

9  SECOND CAUSE OF ACTION:

10     2.  For a judgment that Plaintiff is the owner in fee

11 simple of the real property and that Defendants have no

12 interest in the property adverse to Plaintiff;

13 THIRD CAUSE OF ACTION:

14     3. For an order requiring Defendants OCWEN and First

15 American to show cause, if any they have, why they should not

16 be enjoined as hereinafter set forth, during the pendency of

17

18 this action;

19     4.  For a temporary restraining order, a preliminary

20 injunction, and a permanent injunction, all enjoining

21 Defendants, and each of them, and their agents, servants,

22 assignees and employees, and all persons acting under, in

23 concert with, or for them:

24     A.  From enforcing the terms of the Note secured by a

25 Deed of Trust against Plaintiff;

26

27

28

B.   From commencing a judicial or non-judicial foreclosure action against Plaintiff until the within action has been decided.

5.   For damages, according to proof at trial;

<u>ALL CAUSES OF ACTION:</u>

6.   For interest on said damages from the date each damage occurred;

7.   For reasonable costs and attorney's fees incurred herein; and

8.   For such other and further relief as to the Court seems just and reasonable.

DATED:  August 7, 2015

KATHRYN DUNAWAY
Attorney for Plaintiff

1          VERIFICATION

2  STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

3      I have read the foregoing First Amended Complaint

4  1. Breach of Contract 2. Quiet Title 3. Temporary Restraining

5  Order, Preliminary and Permanent Injunctions and Damages and

6  know its contents.

7

8      I am the Plaintiff in this action.  The matters stated in

9  the foregoing document are true of my own knowledge except as

10  to those matters which are stated on information and belief,

11  and as to those matters I believe them to be true.

12      Executed on August  7 , 2015, at Riverside, California.

13      I declare under penalty of perjury under the laws of the

14  State of California that the foregoing is true and correct.

15

16

17      GARY S. LAYTON

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF TULARE

I am employed in the County of Tulare, State of California.  I am over the age of 18 and attorney of record for Plaintiff in the within action; my business address is P.O. Box 207, Three Rivers, California 93271.

On August 10, 2015, I served the attached document identified as First Amended Complaint for 1. Breach of Written Contract 2. Quiet Title 3. Temporary Restraining Order, Preliminary and Permanent Injunctions and Damages on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

L. Bryant Jaquez, Esq., Patrick Reider, Esq., First American Law Group, 5 First American Way, 4th Floor, Santa Ana, Ca. 92707

I deposited such envelope in the mail at Three Rivers, California.  The envelope was mailed by first-class mail with postage thereon fully prepaid.

Executed on August 10, 2015, at Three Rivers, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

KATHRYN DUNAWAY